UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON GERAY,<br>        Petitioner,<br>   v.<br>JOE LIZARRAGA,<br>        Respondent. | Case No. 14-cv-03572-VC<br><br>**ORDER FOR PETITIONER TO SHOW CAUSE**<br><br>Dkt. Nos. 2 and 13. |

Petitioner Jason Geray, a state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His motions for leave to proceed *in forma pauperis* are granted. See Dkt. Nos. 2 and 13. According to the petition, Geray was convicted of assault with a deadly weapon in Santa Clara County Superior Court and sentenced to nineteen years in prison. Geray asserts claims of ineffective assistance of counsel and abuse of discretion by the trial court in finding him competent to enter a no contest plea. In another pleading, a motion to stay and abey the petition to exhaust claims in the California Supreme Court, Geray indicates that he has not given the California Supreme Court an opportunity to review either of these claims. *See* Dkt. No. 7.

## DISCUSSION

**I.    Standard of Review**

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v.*

*Hodges*, 423 U.S. 19, 21 (1975). However, a petitioner must present to the highest state court all claims he wishes to raise in a federal habeas petition. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted). The general rule is that a federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted. *Id.* However, district courts have discretion to hold a mixed petition, that is a petition that contains exhausted and unexhausted claims, in abeyance pending exhaustion of the unexhausted claims. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (citing *Rhines v. Weber*, 544 U.S. 269 (2005)). But, a fully unexhausted federal habeas petition may not be stayed and must be dismissed. *Id.* (holding that a fully unexhausted petition may not be stayed and observing: "Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust."); *Jones v. McDaniel*, 320 Fed. Appx. 784, 786 (9th Cir. 2009) (affirming the dismissal of a fully unexhausted petition and denial of a stay, because a :*Rhines* stay is only available for a mixed habeas petition where at least some of the claims have been exhausted, and none of [petitioner's] claims were exhausted").

## II. Application to Geray

It appears that Geray has presented a fully unexhausted petition. If this is correct, the petition must be dismissed without prejudice and may be re-filed once the claims have been exhausted. However, Geray will be provided an opportunity to demonstrate that some of the claims have already been exhausted. If he is able to do this, he may qualify to have his petition stayed while he exhausts his unexhausted claims in state court.

## CONCLUSION

Based on the foregoing, the Court orders as follows:

1. Geray shall show cause within fourteen (14) days of the date this order is filed why his petition should not be dismissed without prejudice as unexhausted. Failure to file a response

2

within the designated time will result in the dismissal of this action.

     2. This Order terminates docket numbers 2 and 13.

**IT IS SO ORDERED.**

Dated: September 30, 2014

_____
VINCE CHHABRIA
United States District Judge

3