UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JASON GERAY,

        Petitioner,

   v.

JOE LIZARRAGA,

        Respondent.

Case No. 14-cv-03572-VC

**ORDER ADDRESSING PENDING MOTIONS AND DIRECTING RESPONDENT TO SHOW CAUSE**

Re: Dkt. Nos. 5-7, 18, 19

On August 7, 2014, Petitioner Jason Geray, a state prisoner, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a motion to stay his petition while he exhausted claims in state court. Dkt. No. 7. On September 30, 2014, the Court issued an order for Geray to show cause why his petition should not be dismissed for failure to exhaust state remedies because the petition appeared to assert only unexhausted claims and a fully unexhausted petition must be dismissed. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

On November 17, 2014, Geray filed a second motion to stay his petition and attached a copy of an October 8, 2014 petition he filed in the California Supreme Court, no. S221758, in which he asserted the two claims he asserts in his federal petition. Dkt. No. 18. A review of the docket of the California Supreme Court indicates that, on December 10, 2014, the Court denied Geray's petition. For purposes of this initial review only, the Court finds that Geray's two federal claims are exhausted. Therefore, Geray's motions to stay are denied as moot.

On the same day Geray filed his petition, he filed an application for friend status, dkt. no. 5, and a motion to file a late petition, dkt. no. 6. However, in Geray's motion for appointment of counsel, he states that he no longer wants the individual named in his application for friend status to be appointed as his friend. The Court construes this as Geray's request to withdraw his application for friend status, which is granted.

In his motion to file a late petition, Geray acknowledges that his federal petition is

untimely, but argues that equitable tolling applies. The Court accepts the petition for filing, but does not address whether it is untimely or whether equitable tolling applies. Therefore, the motion to file a late petition is granted, in part.

Finally, Geray moves for the appointment of counsel on the ground that he suffers from post-traumatic stress disorder which causes him to be confused and to lose track of reality. Dkt. no. 19. The Sixth Amendment right to counsel does not apply in habeas corpus actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). Title 18 U.S.C. § 3006A(a)(2)(B), however, authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the district court. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Knaubert*, 791 F.2d at 728; *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984). The courts have made appointment of counsel the exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; (5) cases in which the petitioner is in no position to investigate crucial facts; and (6) factually complex cases. *See generally* 1 J. Liebman & R. Hertz, *Federal Habeas Corpus Practice and Procedure* § 12.3b at 383-86 (2d ed. 1994). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *Chaney*, 801 F.2d at 1196; *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir. 1965).

At this early stage in the proceedings, the Court is unable to determine if this is an exceptional case that would warrant representation on federal habeas review. Accordingly, the interests of justice do not require appointment of counsel at this time, and Geray's request is DENIED. This denial is without prejudice to the Court's *sua sponte* reconsideration should it find an evidentiary hearing necessary following consideration of the merits of the claims.

In his petition, Geray asserts claims of ineffective assistance of counsel and abuse of discretion by the trial court in finding him competent to enter a no contest plea. It does not appear

from the face of the petition that these claims are clearly without merit. Good cause appearing, the Court hereby issues the following orders:

1.      The Clerk of the Court shall serve a copy of this Order and the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this Order on Geray at his current address.

2.      No later than sixty days from the date of this Order, Respondent shall file with this Court and serve upon Geray an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the Answer all portions of the state record that have been transcribed previously and are relevant to a determination of the issues presented by the petition.  If Geray wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within thirty days of his receipt of the Answer. If he does not do so, the petition will be deemed submitted and ready for decision on the date the Traverse is due.

3.      As indicated above, Geray acknowledges that his petition is untimely but argues that equitable tolling applies. No later than sixty days from the date of this Order, Respondent may file with this Court and serve upon Geray a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. This motion shall include a response to Geray's equitable tolling argument. If Respondent files such a motion, Geray shall file with the Court and serve on Respondent an opposition or statement of non-opposition to the motion within thirty days of receipt of the motion, and Respondent shall file with the Court and serve on Geray a reply within fourteen days of receipt of an opposition.

4.      It is Geray's responsibility to prosecute this case. He must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. He also must serve on Respondent's counsel all communications with the Court by mailing a true copy of the document to Respondent's counsel.

5. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than ten days prior to the deadline sought to be extended.

6. The motions to stay are denied as moot. Dkt. nos. 7 and 18. The motion to file a late petition is granted, in part. Dkt. no. 6. The motion to withdraw the application for friend status is granted. Dkt. no. 5. The motion for appointment of counsel is denied without prejudice. Dkt. no. 19.

**IT IS SO ORDERED**.

Dated: January 2, 2015

_____
VINCE CHHABRIA
United States District Judge