UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JASON GERAY,

          Petitioner,

    v.

WILLIAM MUNIZ,

          Respondent.

Case No. 14-cv-03572-VC  (PR)

**ORDER GRANTING RESPONDENT'S
MOTION TO DISMISS; DENYING
PETITIONER'S MOTIONS; ISSUING
PARTIAL CERTIFICATE OF
APPEALABIILTY**

Re: Dkt. Nos. 30, 36, 39, 40

      Petitioner Jason Geray has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction in the Santa Clara County Superior Court.  The respondent has filed a motion to dismiss the petition as untimely.  For the following reasons, the motion is granted.

## BACKGROUND

      On January 13, 2010, Geray pled nolo contendere to assault with a deadly weapon and admitted having two prior strike convictions.  On November 19, 2010, the court struck one prior strike conviction and sentenced Geray to nineteen years in prison.  Geray did not appeal his conviction.

      On April 13, 2011, Geray filed two motions in the superior court for the production of transcripts and the record of his court proceedings.  These motions were denied on May 9, 2011 because Geray had not filed a notice of appeal.

      On May 12, 2011, Geray served on the Office of the Attorney General an application for relief from default and permission to file a belated notice of appeal in the court of appeal.

      Subsequently, Geray filed a motion for modification of the restitution order that accompanied his sentence, which the superior court denied on September 14, 2011.

      Geray submitted a notice of appeal on or around December 24, 2012.  The superior court sent Geray a letter stating that his notice of appeal was received on that date but was not filed because it was untimely.

United States District Court
Northern District of California

On March 5, 2013, Geray filed a petition for a writ of habeas corpus in the superior court claiming that his attorney provided ineffective assistance by abandoning him on appeal and by allowing him to plead no contest even though no evidence supported the charges against him.  On March 27, 2013, the superior court denied the petition.

On June 24, 2013, Geray sent to the superior court a notice of appeal of the denial of his habeas petition.  On July 24, 2013, the superior court issued an order explaining that the denial of the habeas petition was not an appealable order.

On August 29, 2013, Geray filed a petition for a writ of habeas corpus in the court of appeal.  On November 7, 2013, the court denied the petition without prejudice to refiling it in the superior court.

On December 3, 2013, Geray filed a petition for a writ of habeas corpus in the superior court on the grounds that: (1) he was denied the right to a speedy trial; (2) he was incompetent to stand trial; (3) the prosecutor misled the defense about the evidence; and (4) his trial attorney rendered ineffective assistance by failing to perfect his appeal.  He also submitted motions for transcripts and for modification of the restitution fine.  On January 27, 2014, the superior court denied the habeas petition and the motions.

On August 7, 2014, Geray filed this federal habeas petition.

On October 8, 2014, Geray filed a petition for a writ of habeas corpus in the California Supreme Court.  On December 10, 2014 the California Supreme Court denied the petition.

## DISCUSSION

### I. Applicable Limitations Period

Under the Antiterrorism and Effective Death Penalty Act of 1996, petitions filed by prisoners challenging noncapital state convictions or sentences generally must be filed within one year of the date on which the judgment became final after the conclusion of direct review or the date the time expires for seeking direct review, whichever is later.  28 U.S.C. § 2244(d)(1)(A).

Geray was sentenced on November 19, 2010, and had sixty days to seek direct review by the California Court of Appeal.  Cal. Rule of Court 8.308.  Therefore, he had until January 18, 2011 to file an appeal.  Because Geray did not file a direct appeal, his judgment became final on

United States District Court
Northern District of California

January 18, 2011, and the federal one-year limitations period began on that date.  *See Mendoza v. Carey*, 449 F.3d 1065, 1067 (9th Cir. 2006).  The deadline for Geray to file his federal habeas petition was therefore January 18, 2012.  He filed the petition on August 7, 2014, over two and one half years after the federal limitations period expired.  Therefore, unless Geray qualifies for statutory or equitable tolling, the petition is untimely.

## II. Statutory Tolling

AEDPA's one-year limitations period is tolled under § 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  However, the statute is not tolled for state court petitions filed after the AEDPA deadline has expired.  *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (section 2244(d)(2) does not permit the renewal of the limitations period that has ended before the state petition was filed).

Geray filed his first state habeas petition on March 5, 2013, after the federal limitations period had expired.  Therefore, statutory tolling does not apply.  Furthermore, gap tolling, the tolling of time during the intervals between the filing of state habeas petitions, is not applicable also because the statute of limitations expired before Geray filed his first state petition.  *Id.* (state petition filed after expiration of AEDPA's one-year period does not reinitiate limitations period); *Bernal v. Ryan*, 2014 WL 31808, *3-4 (D. Ar. Jan. 6, 2014) (because statute of limitations expired before filing of first petition, there was no limitations period to toll during gap between end of first petition and filing of second petition).

## III. Equitable Tolling

AEDPA's statute of limitations is subject to equitable tolling in appropriate cases.  *Holland v. Florida*, 560 U.S. 631, 645 (2010).  However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Id.* at 649; *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).  "The threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule."  *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002).  The petitioner must show that "the extraordinary circumstances were the cause of his

United States District Court
Northern District of California

United States District Court
Northern District of California

1  untimeliness and that the extraordinary circumstances ma[de] it impossible to file a petition on

2  time." *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009).  Where a prisoner fails to show "any

3  causal connection" between the grounds upon which he asserts a right to equitable tolling and his

4  inability to timely file a federal habeas petition, equitable tolling will be denied.  *Gaston v.*

5  *Palmer*, 417 F.3d 1030, 1034-35 (9th Cir. 2005)

6        Geray argues he is entitled to equitable tolling on the following grounds: (1) his attorney

7  abandoned him; (2) he has a mental health disability; (3) he lacked access to a law library and

8  legal assistance; and (4) California courts failed to provide him with transcripts and records of his

9  state court proceedings.

10        **A. Attorney Abandonment**

11        Geray contends that his trial attorney advised him that she was going to file an appeal from

12 his conviction, but there was a breakdown in communication and she never filed the appeal.  On

13 April 13, 2011, when Geray realized the attorney was not going to file an appeal, he filed motions

14 in the trial court for production of the transcripts and records of his state court proceedings.

15        Although an attorney's negligence, for example, missing a filing deadline, does not

16 provide a basis for equitable tolling, an attorney's abandonment of his client does provide the

17 extraordinary circumstances beyond the petitioner's control required for equitable tolling.  *Maples*

18 *v. Thomas*, 132 S.Ct. 912, 923-24 (2012).

19        Although the record does not show exactly what happened between Geray and his attorney,

20 for purposes of this motion, the Court accepts as true Geray's statements that his attorney stopped

21 communicating with him after his sentencing and he did not become aware that she was not going

22 to file his appeal until April 13, 2011.  Therefore, Geray is entitled to approximately three months

23 of equitable tolling from January 18, 2011, the beginning of the one-year deadline, through April

24 13, 2011.  However, even with three months of tolling, his petition, filed two and one half years

25 after the statutory deadline, is untimely.

26        **B. Mental Health Disability**

27        Exhibits attached to Geray's petition and opposition indicate that he suffers from a mental

28 health disability.  The one page of a January 11, 2011 Confidential Psychological Report Geray

has submitted indicates he was referred for psychological testing because he had reported memory problems and confusion. A mental health treatment summary dated April 13, 2011 states that Geray: (1) reported he had a history of hearing voices but at other times he denied hearing voices; (2) reported no history of psychosis; and (3) was diagnosed with depression and poor coping skills. A March 15, 2012 mental health summary states that Geray was placed in the Secured Housing Unit because he had committed battery on an inmate and that his symptoms were: (1) vague and inconsistent reporting; (2) persecutory delusions; (3) poor reality testing; and (4) highly assaultive behavior due to lack of impulse control. His diagnosis was changed from mood disorder to schizophrenia. After Geray attacked other inmates on July 29 and August 1, 2012, he began receiving psychiatric medications involuntarily because he posed a danger to others. From the exhibits attached to his petition, it appears that Geray may still be receiving medication involuntarily.

To be eligible for equitable tolling due to mental impairment, the petitioner must show the following: (1) his mental impairment was so severe that either (a) he was unable rationally or factually to understand the need to timely file, or (b) his mental state rendered him unable personally to prepare a habeas petition and effectuate its filing; and (2) he was diligent in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline. *Bills v. Clark*, 628 F.3d 1092, 1099-1100 (9th Cir. 2010). In practice, to evaluate whether a petitioner is entitled to equitable tolling due to mental impairment, the district court must: (1) find the petitioner has made a non-frivolous showing that he had a severe mental impairment during the filing period that would entitle him to an evidentiary hearing; (2) determine, after considering the record, whether the petitioner satisfied his burden that he was in fact mentally impaired; (3) determine whether the petitioner's mental impairment made it impossible to timely file on his own; and (4) consider whether the circumstances demonstrate the petitioner was otherwise diligent in attempting to comply with the filing requirements. *Id.*; *see Orthel v. Yates*, __ F.3d __, 2015 WL 4529336, at *2-3 (9th Cir. July 28, 2015).

Although, through his exhibits, Geray has made a non-frivolous showing that he has a severe mental impairment, the Court concludes that his mental impairment did not make it

United States District Court
Northern District of California

impossible for him to timely file a habeas petition on his own during the statutory period.  Given

the three months of equitable tolling based on attorney abandonment, the statutory period began

on April 13, 2011 and ended on April 13, 2012.  Geray filed a number of motions, applications

and petitions for relief during this time period, demonstrating that his mental illness did not cause

the untimely filing.  In 2011, he filed the following:  (1) two motions in the superior court for

production of transcripts and the record of his court proceedings; (2) an application served on the

Office of the Attorney General for relief from default and permission to file a belated notice of

appeal in the court of appeal; and (3) a motion in the superior court for modification of the

restitution order.  In 2012, he sent a notice of appeal to the superior court and, in March 2013, he

filed his first habeas petition in the superior court.  He also attaches to his opposition his affidavit,

signed on December 11, 2012, stating that, as soon as he arrived at Salinas Valley State Prison in

September 2012, he tried, but was unable, to gain access to the prison law library and he argued

that the lack of access was hurting his chances to challenge his criminal conviction.  This affidavit

and the motions and documents Geray filed demonstrate that his mental illness, which appears to

manifest in assaultive behavior, did not prevent him from understanding the need to timely file a

petition or from personally preparing a petition.  *See e.g., Yeh v. Martel*, 751 F.3d 1075, 1078 (9th

Cir. 2014) (although petitioner had history of mental illness, it was not severe enough to cause his

delay because he repeatedly "sought administrative and judicial remedies, and throughout these

proceedings showed an awareness of basic legal concepts"); *Roberts v. Marshall*, 627 F.3d 768,

773 (9th Cir. 2010) (mental incompetence did not cause untimeliness where petitioner filed several

petitions in state court during time for which he sought equitable tolling); *Ramirez*, 571 F.3d at

998 (petitioner not entitled to equitable tolling where he filed other motions in state and federal

court during relevant period).

       Furthermore, even the fact that Geray is being treated with psychiatric medication does not

establish that he was or is incapable of understanding the need to file a timely petition.  That

Geray has filed a well-reasoned opposition to the motion to dismiss demonstrates this point.  *See

Fite v. Martel*, 2011 WL 1648581, *6 n.10 (C.D. Cal. 2011) (petitioner's taking psychiatric

medication alone insufficient for application of equitable tolling, especially when medication

stabilized his condition during relevant time period).

Accordingly, equitable tolling is not warranted on the basis of Geray's mental health disability.

### C. Lack of Access to Law Library and Lack of Legal Experience

Geray contends that he lacked access to a law library and writing materials before April 12, 2011, when he was in administrative segregation at San Quentin, and that he lacked access to a law library from September through December 2012, when he was transferred to Salinas Valley.

Without more, this claim is not persuasive. "Ordinary prison limitations on [petitioner's] access to the law library and copier . . . were neither "extraordinary" nor made it "impossible" for him to file his petition in a timely manner. Given even the most common day-to-day security restrictions in prison, concluding otherwise would permit the exception to swallow the rule . . . ." *Ramirez*, 571 F.3d at 998. As in *Ramirez*, Geray offers no explanation for how his temporary placement in administrative segregation or his restricted law library access made it impossible for him to file a timely federal petition. *See id.* Furthermore, even assuming he totally lacked access to any legal materials during the time periods he mentions and he received equitable tolling for these time periods, his petition would still be untimely.

 Geray's contention that he has no knowledge of the law and is dependent on other inmates is insufficient for equable tolling. *See Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (*pro se* petitioner's lack of legal sophistication, by itself, is not extraordinary circumstance warranting equitable tolling).

### D. Lack of Access to Transcripts and Other Material

Geray contends he could not file his petition on time because California courts failed to provide him with transcripts and records of his state court proceedings. Without an explanation of why the state records were necessary for filing a petition, this reason is insufficient for equitable tolling. *See Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1014 (9th Cir. 2009) (petitioner did not point to specific instances where he needed a particular document and even without state documents, he could have prepared a basic form habeas petition and filed it to satisfy AEDPA deadline); *Pliler v. Ford*, 542 U.S. 225, 232 (2004) (petitioners not required by 28 U.S.C. § 2254

United States District Court
Northern District of California

to attach to their petitions, or to file separately, state court records).

**IV. Geray's Motions**

Geray moves for an evidentiary hearing, but does not indicate what evidence he would present.  Geray would be entitled to an evidentiary hearing on disputed facts if his allegations, if proven, would entitle him to relief.  *Perez v. Rosario*, 459 F.3d 943, 954 n.5 (9th Cir. 2006); *Williams v. Calderon*, 52 F.3d 1465, 1484 (9th Cir. 1995).  He is not entitled to an evidentiary hearing in light of the fact that he has failed to present any allegations which, if proven, would show that his petition was timely filed.  Furthermore, "where the record is amply developed, and where it indicates that the petitioner's mental incompetence was not so severe as to cause the untimely filing of his habeas petition, a district court is not obligated to hold evidentiary hearings to further develop the factual record, notwithstanding a petitioner's allegations of mental incompetence."  *Orthel*, 2015 WL 4529336, at *3.  The record is amply developed and the Court has found that Geray's mental incompetence was not so severe as to cause the untimely filing of his petition.

Geray also moves for appointment of counsel because of his mental disability.  The Sixth Amendment's right to counsel does not apply in habeas corpus actions.  *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986).  Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations.  *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).  As discussed above, the record shows that Geray's petition was untimely filed and his mental disability was not the cause of the untimeliness; thus, appointed counsel is not required to prevent due process violations.

Geray moved for an extension of time to file a response to the respondent's reply and then responded by moving to strike the reply.  The motion for an extension of time is denied as moot because Geray has filed a response.  The motion to strike the reply is denied.  *See* Civil L. R. 7-3(c) (allowing the filing of a reply to an opposition).

## CONCLUSION

Based on the foregoing, the Court orders as follows:

1. The Court grants the motion to dismiss the petition as untimely.

United States District Court
Northern District of California

1    2. The Court denies Geray's motions.

2    3. The Court issues a certificate of appealability on the issue of whether Geray is entitled to

3    equitable tolling because of his mental disability.  *See Slack v. McDaniel*, 529 U.S. 473, 484

4    (2000) (when a habeas petition is denied on procedural grounds, a Certificate of Appealability

5    should issue when jurists of reason would find it debatable whether the procedural ruling was

6    correct).

7    4. This order terminates docket numbers 30, 36, 39 and 40.

8    5. The Clerk of the Court will issue a separate judgment, terminate all pending motions and

9    close the file.

10   **IT IS SO ORDERED**.

11   Dated: September 1, 2015

12   _____

13   VINCE CHHABRIA
     United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JASON GERAY,

               Plaintiff,

      v.

WILLIAM MUNIZ,

               Defendant.

Case No.  14-cv-03572-VC

**CERTIFICATE OF SERVICE**

       I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

       That on September 1, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jason  Geray ID: AF 4262
Salinas Valley State Prison d-4-114
PO Box 1020
Soledad, CA 93960

Dated: September 1, 2015

Richard W. Wieking
Clerk, United States District Court

By:_____

Kristen Melen, Deputy Clerk to the
Honorable VINCE CHHABRIA
10